UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

-----------------------------------------------------------------------X
JOHNATHEN COLAIZZO,

                                     Plaintiff,

                      -against-

SAKS FIFTH AVE and COREY WILLIAMS,

                                     Defendants.

**<u>MEMORANDUM & ORDER</u>**
24-CV-2915(JMA)(ST)

-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Before the Court is an Amended Complaint filed by incarcerated *pro se* Plaintiff Johnathen

Colaizzo against Defendants Saks Fifth Ave and Corey Williams asserting claims under 42 U.S.C.

§ 1983 ("Section 1983").  (ECF No. 6.)  Plaintiff also filed a motion to proceed *in forma pauperis*

("IFP") and the required Prisoner Litigation Authorization form.  (ECF Nos. 7-8.)  For the reasons

that follow, the Court grants Plaintiff's IFP application and *sua sponte* dismisses the Amended

Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

## I.      BACKGROUND[1]

       Plaintiff's brief, handwritten Amended Complaint is brought pursuant to Section 1983 and

alleges the following in its entirety:

> It was approximately 1:00pm 3/7/24 when I exited Saks Fifth Ave at 230 Walt
> Whitman Rd.  I was tackled, chocked and dragged back into the store by Corey
> Williams and other security guards that proceeded to choke me try to break my arm
> and slam my face into the wall.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order.  <u>See, e.g.</u>, <u>Rogers v. City of Troy, New York</u>, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the complaint have been reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

(ECF No. 6 ¶ IV.)  In the space that calls for a description of any injuries suffered as a result of the alleged events, Plaintiff wrote:

> I have broken teeth the wrist they tried to break that security put a handcuff on has a scar. I have shooting pain in my knees, shoulders, elbows, and wrist.  I went to Huntington hospital. I have constant migrains and nightmares since this incident.

(Id. ¶ IV.A.)  For relief, Plaintiff seeks to recover "$1,000,000 for pain and suffering as well as mental trauma as well as injuries to both wrists, shoulders, elbows, knees, and neck from incedant."

(Id. at ¶ V.)

## II.    LEGAL STANDARDS

### A.    Leave to Proceed IFP

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system.  Davis v. NYC Dep't of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hosps. Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)).  The determination of whether an applicant qualifies for IFP status is within the discretion of the district court.  DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

B.     **Dismissal Under the Prison Litigation Reform Act or IFP Statute**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, the IFP statute requires a court to dismiss an action upon determination that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

C.     **Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)); see Buon v. Spindler, 65 F.4th 64, 78 (2d Cir. 2023); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)).

3

**D.**     <u>Plaintiff's *Pro Se* Status</u>

  *Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>see also</u> <u>Boddie v. Schnieder</u>, 105 F.3d 857, 860 (2d Cir. 1997).   In addition, the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.   <u>United States v. Akinrosotu</u>, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009).

  The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); <u>see also</u> FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

### III.    DISCUSSION

**A.    Plaintiff's IFP Application is Granted**

Upon review of Plaintiff's application to proceed IFP, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed IFP (ECF No. 7) is granted.

**B.    Section 1983 Claims Are Dismissed in the Absence of State Action**

Plaintiff names two purely private defendants, Saks Fifth Ave and a security guard alleged to work at the Walt Whitman Road location, Corey Williams, and purports to allege Section 1983 claims against them.  (ECF No. 6.) However, it is well-established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted); see also Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Private actors such as the Defendants, may, however, act under the color of state law for purposes of Section 1983 if they were a "willful participant in joint activity with the State or its agents." Ciambriello, 292 F.3d at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)).  Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights.  Id. at 323-24.  "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). Alternatively, to show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must show "(1) an agreement between a state actor and a private party; (2) to act in

5

concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-25.

Here, Plaintiff includes no factual allegations from which the Court could reasonably construe state action by either Defendant through joint action or a conspiracy with a state actor to deprive Plaintiff of his constitutional rights. Thus, Plaintiff has not plausibly alleged that either Defendant is a state actor. Accordingly, Plaintiff's Section 1983 claims against the Defendants are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b).

## C.    State Law Claims

This Court may exercise supplemental jurisdiction over claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Given the absence of a plausible federal claim here, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the Amended Complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's Amended Complaint; he may pursue any such claims in state court.

D.      **Leave to Amend**

"[A] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and brackets omitted). At the same time, a district court may deny a *pro se* plaintiff leave to amend when amendment would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The Court has carefully considered whether Plaintiff should be granted leave to further amend his complaint.  The Court concludes further amendment would be futile because Plaintiff already amended his complaint and the substantive defect in Plaintiff's claims is not curable. Thus, leave to further amend the Amended Complaint is denied.

## IV.     CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed IFP is granted.  However, Plaintiff's Section 1983 claims are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim.  The Court declines to exercise supplemental jurisdiction over any remaining state law claims that may liberally be construed from the Amended Complaint and Plaintiff may pursue any such claims in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record in an enveloped marked "Legal Mail" and note such mailing on the docket.

**SO ORDERED.**

Dated:   September 5, 2024                                    /s/ JMA
           Central Islip, New York                    _____
                                                       Joan M. Azrack
                                                       United States District Judge

7